**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cornelius Stefan TICA, Defendant— Appellant.**

**No. 02–30218.**

United States Court of Appeals, Ninth Circuit.

---

**800**

Argued and Submitted Aug. 14, 2003.*

Decided Sept. 8, 2003.

Mark A. Rosenbaum, AUSA, Karen L. Loeffler, AUSA, Susan Lindquist, Esq., USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Mary Jane Haden, FPDAK–Federal Public Defender's Office (Anchorage), Anchorage, AK, for Defendant–Appellant.

Before: PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Cornelius Tica appeals from a jury conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Specifically, he appeals from the district court's denial in part of his motion to suppress evidence. Because the facts are known to the parties, we do not recite them here. Tica argues that the officers did not have reasonable suspicion to justify seizing him; his final consent to search the hidden compartment in his luggage was involuntary; and if his earlier consent to a "quick search" of the suitcase were voluntary, the officers exceeded the scope of that consent.

A search or seizure without a warrant is presumed unreasonable unless the search falls within a recognized exception to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). But a warrantless search may be reasonable if the officers

obtained voluntary and intelligent consent from the citizen. *Id.* Because we find that Tica consented voluntarily at each stage in his encounter with the police, we affirm the district court's denial of Tica's motion to suppress evidence.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.